IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02769-TPO

JOSE FABIAN LEON MANRIQUE,

Petitioner,

v.

JUAN BALTAZAR, Warden,
Geo-ICE Processing Center, Aurora, Colorado;
GEORGE VALDEZ,
Denver Field Office, U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland Security;
TODD BLANCHE,
Acting Attorney General of the United States; and
DAREN MARGOLIN, Director,
Executive Office of Immigration Review,

in their official capacities,

Respondents.

---

**ORDER**

---

**Timothy P. O'Hara, United States Magistrate Judge.**

This matter comes before this Court upon the Petition for Writ of Habeas Corpus (28 U.S.C. § 2241) [ECF 1]. Upon the parties' unanimous consent, ECF 12, U.S. District Chief Judge Daniel D. Domenico entered an Order of Reference, referring this matter for final disposition to the undersigned U.S. Magistrate Judge. *See* ECF 14. Petitioner is "in custody" for § 2241 purposes because he is detained at the GEO-ICE Processing Center in Aurora, Colorado. ECF 1 at 2.

**BACKGROUND**

Petitioner is a native and citizen of Columbia "who fled after his family was targeted by the paramilitary group known as Clan de Golfo." ECF 1 at 5. On or around July 18, 2022,

Petitioner entered the United States near Calexico, California, at which point he was placed in expedited removal proceedings. *Id.* at 5. An asylum officer found Petitioner had a credible fear of persecution, and Petitioner was issued a Notice to Appear (NTA). *Id.* (citing ECF 1-1). Petitioner was released on his own recognizance, enrolled in electronic monitoring through the Intensive Supervision Appearance Program, and was granted employment authorization. *Id.* at 5-6 (citing ECFs 1-2, 1-3). Petitioner then applied for asylum, withholding of removal, and protection under the Convention Against Torture. *Id.* (citing ECF 1-4).

On May 5, 2026, an Immigration Judge ("IJ") ordered Petitioner removed to Honduras, which Petitioner has appealed to the Board of Immigration Appeals ("BIA"). *See id.* at 16-17. The appeal remains pending. *Id.* at 17; *see* ECF 7 at 2.

Petitioner is also married to a United States citizen, who has submitted a Form I-130 Petition on his behalf. ECF 1 at 7 (citing ECF 1-11). This application also remains pending. *Id.*

On June 18, 2026, Petitioner was arrested without a warrant when he was appearing for a scheduled ICE check-in appointment. ECF 1 at 7. Petitioner alleges that, until his arrest, he "remained on electronic monitoring and complied with every condition of his release, without a single violation." *Id.*

Petitioner asserts his detention is governed by 8 U.S.C. § 1226(a) because his appeal of the IJ's removal order remains pending and is not administratively final. *See id.* at 9-10. And because he was not arrested "on a warrant issued by the Attorney General," Petitioner argues that his detention violates § 1226(a). *See id.* at 11-13. Alternatively, he argues that his detention is arbitrary and violates his due process rights. *Id.* at 15. Petitioner requests immediate release, declaratory relief, and for the Court to enjoin Respondents from re-detaining him pursuant to § 1225(b)(2). *Id.* at 15-16.

On July 2, 2026, this Court issued an Order to Show Cause for Respondents to justify the detention. *See* ECF 9. Respondents submitted a Response to comply with the Court's Order that makes no attempt to rebut the legal or factual substance of the Petitioner. *See* ECF 11. Respondents note that Petitioner "challenges the lawfulness of the detention," but, tellingly, they do not maintain or represent that detention is lawful. *Id.* at 1. Instead, Respondents only inform the Court of their choice to forego "submitting a brief in opposition to the facts and circumstances of this case." *Id.* They nevertheless submit their belief that the proper remedy is to order a bond hearing under § 1226(a), or else release Petitioner. *Id.* at 2 (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

Petitioner has submitted several filings to advocate that immediate release, and not a bond hearing, is the appropriate remedy to his "detention that no warrant and no lawful basis supports." *See* ECFs 1 at 11-13; 13 at 4-5; 15; 16.

Based on Respondents' failure to justify the lawfulness of Petitioner's detention, the Court will grant the Petition and afford the traditional habeas remedy of release. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention") (emphasis in original).[1]

## **LEGAL STANDARD**

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal

[1] The Court resolves the challenge on the warrantless arrest grounds and does not reach any alternative claims.

custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 f.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas*, 533 U.S. at 687-88).

**ANALYSIS**

Petitioner alleges he has lived continuously in the country since July of 2022, was previously released on his own recognizance pursuant to § 1226, and was fully compliant with his release conditions. ECF 1 at 5, 7-8, 11; *see also* ECF 1-2. As the 10th Circuit has now made clear, Petitioner's detention is governed by § 1226(a) of the Immigration and Nationality Act. *See Santillan Quiroz*, 180 F.4th at 1238-40.

Section 1226(a) provides that, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a) . . . As such, it follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025); *see also Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018) (section 1226(a) "authorizes detention only '[o]n a warrant issued' by the Attorney General leading to the alien's arrest."); *Quezada-Estrada v. Lyons*, No. 26-cv-01599-NYW, 2026 WL 1361880, at *4 (D. Colo. May 15, 2026). Unless a warrantless arrest is otherwise justified under circumstances not alleged here, *see* 8 U.S.C. § 1357(a)(2), a noncitizen arrested at an ICE check-in without notice or a warrant pursuant to § 1226(a) is detained in violation of the statute. *See Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) ("If the alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered."); *see also Quezada-Estrada*,

2026 WL 1361880, at *5. "Fundamentally, Respondents may not detain first and justify later . . . To hold otherwise would simply turn a blind eye to the irreparable harms of unlawful conduct that reverberate well beyond the warrantless arrests." *Quezada-Estrada*, 2026 WL 1361880, at *5.

By not filing a Response Brief, the Court finds that Respondents have effectively conceded that Petitioner was arrested without warrant. Despite his compliance while on release, including reporting as required on June 18, 2026, Petitioner was arrested and detained without a warrant and without any justification for a warrantless arrest. *See* ECF 1 at 7-8. Absent any proffered justification for Petitioner's detention, Petitioner is entitled to immediate release. *See e.g., Quezada-Estrada*, 2026 WL 1361880, at *6 (ordering release of noncitizens detained without a warrant as the "appropriate habeas remedy where a petitioner's current detention lacks a 'lawful predicate'" (citation omitted)); *Singh v. Mullin*, No. 26-cv-00507-SMD-JHR, 2026 WL 1045881, at *2 (D.N.M. Apr. 17, 2026) (granting release and noting "ICE detained Petitioner during a routine check-in, effectively penalizing the very compliance the agency required."); *Salazar v. Dedos*, 830 F. Supp. 3d 1110, 1117 (D.N.M. 2026).

Respondents' contention only as to the appropriate relief is not well-taken, given their failure to rebut the fundamental legal challenges raised as to the statutory authority for detention. This Court joins a growing number of courts in determining that, where a noncitizen is detained without a warrant or under circumstances justifying a warrantless arrest under § 1367(a)(2), such detention violates § 1226(a), and release is the appropriate remedy because "a bond hearing will not cure this fundamental defect in Petitioner's detention" *Garcia-Reyes v. Baltazar*, No. 26-cv-02806-NYW, 2026 WL 1998365, at *4 (D. Colo. July 10, 2026); *Chogllo Chafla*, 804 F. Supp. 3d at 264 ("[A]bsent a warrant a noncitizen may *not* be arrested under section 1226(a). . . Since

the Government did not comply with the plain language of section 1226(a), [petitioners'] immediate release is justified." (citation omitted)); *Diallo v. Baltazar*, No. 25-cv-03548-SKC, 2026 WL 237296, at *3 (D. Colo. Jan. 29, 2026) (ordering release under similar facts and noting "there is some indication that immigration judges are refusing to conduct bond hearings entirely under § 1226, so 'the grant of a hearing is no remedy at all.' (citation omitted)); *Li v. Gantt*, No. CIV-26-909-R, 2026 WL 2045005, at *1 (W.D. Okla. July 15, 2026) (similar); *Makuiza v. Wesling*, 826 F. Supp. 3d 176, 183 (D. Me. 2026); *Miguel v. Baltazar*, No. 26-cv-02830-PAB, 2026 WL 2029951, at *2 (D. Colo. July 14, 2026) (same).

## CONCLUSION

For the reasons set forth above, it is ORDERED that:

1. Petitioner's Motion to Expedite [ECF 17], and Renewed Motion to Expedite [ECF 18] are **denied as moot**;
2. Petitioner's Motion for Ruling Within Ten Days on the Petition, or, in the Alternative, for Release Pending Final Adjudication [ECF 21], is **granted**, and the requested relief is provided with this Order;
3. The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2244 [ECF 1] is **granted;**
4. Respondents **shall immediately, and no later than within 48 hours of this Order, by September 26, 2026, release Petitioner from custody**. **No additional conditions of relief shall be imposed on Petitioner**; and
5. The Parties shall file a Status Report **by September 28, 2026**, of Petitioner's release, certifying compliance with this Order.

SO ORDERED.

DATED at Denver, Colorado, this 24th day of September, 2026.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge